## FLOYD LEE MORRIS V. STATE.

No. 30,938. November 18, 1959.

*McCain, Stanford & McCain*, by *E. Tate McCain, Jr.*, Palestine, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is transporting whisky in a dry area; the punishment, 6 months in jail and a fine of $1000.

The trial judge approved a bill of exception which certifies: "The court erred in overruling the defendant's motion for a peremptory instruction of 'not guilty' because all of the evidence on the part of the State and Defendant is and was insufficient to convict the defendant as charged."

The statement of facts, consideration of which appellant challenges, does not establish that the trial judge's certification was erroneous.

The information alleged that the offense was committed in Anderson County, which was a dry area by virtue of an election held in 1913 and the judgment entered in a contest of said election.

The dry status of Anderson County was established as of July 1913 by the election orders and the judgment entered in the district court in a contest of the election.

Had the state rested upon this proof the presumption would be that the dry status continued and was in effect at the time of the alleged offense. However, the state proved that other elections were held subsequently in Anderson County in 1933, 1934, and 1941.

Th petition, order and results of these elections were offered by the state and admitted in evidence.

These documents do not appear in the record before us and there is no testimony from which it may be determined that one or more of such subsequent elections did not result in repeal of prohibition.

Such being the record, we need not consider whether there was sufficient evidence to show that the half-pint bottle transported by appellant contained whisky.

The judgment is reversed and the cause remanded.